UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

                                           Case Number 10-20108-BC
v.                                          Honorable Thomas L. Ludington

DANN CORNELIUS GRIESBECK,
DAVID ALAN FEGER, HIJINIO
MORENO, III, and JESUS CAMPOS, JR.,

       Defendants.
_____/

**OPINION AND ORDER DENYING DEFENDANTS' MOTION TO SUPPRESS, GRANTING DEFENDANT MORENO'S MOTION TO JOIN IN CO-DEFENDANTS' MOTIONS, DENYING DEFENDANTS' MOTION FOR A BILL OF PARTICULARS, DENYING DEFENDANTS' MOTION FOR DISCLOSURE AND HEARING AS TO THE ADMISSIBILITY OF CO-CONSPIRATOR STATEMENTS, CANCELING HEARING EXCEPT WITH RESPECT TO DKT. # 49, AND SETTING STATUS CONFERENCE**

On January 13, 2010, local law enforcement officers executed a search warrant at a home in Port Austin, Michigan, seizing more than 160 pounds of marijuana and other evidence of drug trafficking. On March 10, 2010, a grand jury in the Eastern District of Michigan, Northern Division, returned a two-count indictment against Defendants Dann Cornelius Griesbeck, David Alan Feger, Hijinio Moreno, III, and Jesus Campos, Jr., charging them with conspiracy to distribute a controlled substance, 21 U.S.C. §§ 846, 841(a)(1), and criminal forfeiture, 21 U.S.C. 853.

On August 13, 2010, Defendant Griesbeck filed a motion to suppress the evidence seized on January 13, contending that the search warrant was issued without probable cause [Dkt. # 34]. Defendants Campos and Moreno have joined Griesbeck's motion [Dkt. # 35, 38]. Defendant Feger filed a motion for a bill of particulars and a motion for disclosure and hearing as to the admissibility of co-conspirator statements [Dkt. # 36, 37]. Defendant Moreno joined Feger's motions [Dkt. # 35].

For the reasons explained below, Defendant Moreno's motion to join his co-defendants' motions will be granted [Dkt. # 35], but that the remainder of the motions [Dkt. # 34, 36, 37] will be denied.

**I**

On January 13, 2010,[1] "Officer Gilbert" of the Port Huron Police Department submitted an affidavit to a Michigan District Court Judge, alleging that there was probable cause to search a single-wide mobile home and detached garage located at 2241 Weaver Road in Port Austin, Michigan. [Dkt. # 44-1]. Officer Gilbert alleged that the mobile home was the residence of Defendant Griesbeck, and that the premises were being used to store and sell large quantities of marijuana. He alleged that "a credible and reliable confidential informant" entered the mobile home in January 2010, after being searched, and purchased a quantity of marijuana from Griesbeck. The confidential informant also informed Officer Gilbert that there were approximately 195 pounds of marijuana on the premises, and that Griesbeck was receiving shipments of the drug from Texas for distribution in St. Clair County and Huron County. Officer Griesbeck also alleged that a second controlled buy was conducted within twenty-four hours of submitting the affidavit.

In support of the information obtained from the confidential informant, Officer Gilbert further alleged that Griesbeck owned a vehicle registered to the 2241 Weaver Road address, and that Griesbeck had been convicted on five previous occasions of possessing a controlled substance. Officer Gilbert noted that police officers had conducted surveillance at the suspect address on

---

[1] The judge's signature is dated "11-13-2010" as opposed to "1-13-2010," but it appears to be nothing more than a typographical error. The warrant was executed and the evidence was seized before November 13, 2010. Indeed, the copy of the affidavit that was submitted to the Court [Dkt. # 44-1] was electronically filed on September 3, 2010.

January 13, and had observed vehicle traffic—cars stopping at the mobile home for a short time and then leaving—that was consistent with selling narcotics. Officer Gilbert emphasized that the informant who conducted both controlled buys and reported that large quantities of marijuana were located on the premises was "credible and reliable."

> Further said C.I. [confidential informant] has provided information about locations throughout the County of St. Clair that were involved in receiving and distributing illegal controlled substances. Through personal knowledge and/or DTF [Drug Task Force] independent investigation the information has proven to be both current and accurate. Further that within the past three (3) months, said C.I. has conducted at least two (2) or more controlled buys for the DTF. On each of these occasions said C.I. conducted himself/herself in strict conformance with the instructions given to him/her by members of the DTF.

A state district court judge in Huron County signed the warrant on January 13, 2010, authorizing a search of the mobile home and detached garage, and the seizure of marijuana and other evidence, including electronic equipment, receipts and records, drug paraphernalia, materials used for packaging and processing drugs, and "things of value traceable to illegal controlled substance transactions." The search was conducted later the same day. The officers seized eighty-four pounds of marijuana from the detached garage; a Ford Expedition, which was registered to Griesbeck and parked within the curtilage of the mobile home, containing an additional seventy-eight pounds of marijuana; and other evidence traceable to the alleged drug trafficking. Defendants Griesbeck, Moreno, and Campos[2] contend that the evidence should be suppressed because the affidavit was insufficient to establish probable cause for the search of the garage and the Ford Expedition.

---

[2] Griesbeck has standing to challenge the search because it was his home. Campos contends he was an overnight guest and also has standing to challenge the search. Moreno has not provided a basis for standing to challenge the search, but the question need not be addressed in light of the conclusion that the search was permissible.

**II**

The Fourth Amendment prohibits "unreasonable searches and seizures." U.S. Const. amend. IV. In most circumstances, before a law enforcement officer may enter or search a person's home, or vehicle, the Fourth Amendment requires that the officer obtain a search warrant supported "by oath or affirmation," establishing "probable cause . . . and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV.

The probable cause requirement is a "practical, nontechnical conception" based on "the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act." *Illinois v. Gates*, 462 U.S. 213, 231–32 (1983) (citation and quotations omitted). It is "a fluid concept—turning on the assessment of probabilities in particular factual contexts—not readily, or even usefully, reduced to a neat set of legal rules." *Id.* A magistrate judge asked to determine whether probable cause exists to issue a search warrant should evaluate the "totality of the circumstances" to determine whether there is a "fair probability that contraband or evidence of a crime will be found in a particular place." *Id.* at 238.

Reviewing courts should not "defer to a warrant based on an affidavit that does not 'provide the magistrate with a substantial basis for determining the existence of probable cause.' " *United States v. Leon*, 468 U.S. 897, 915 (1984) (quoting *Gates*, 462 U.S. at 239). Nor should courts endorse a warrant based on an affidavit that is "knowing[ly] or reckless[ly]" false. *Id.* at 914 (citing *Franks v. Delaware*, 438 U.S. 154 (1978)). But courts must be mindful that the decision of a "neutral and detached" magistrate judge should be afforded "great deference." *Id.* at 914. The Supreme Court has "expressed a strong preference for warrants and declared that 'in a doubtful or marginal case a search under a warrant may be sustainable where without one it would fall.' " *Id.*

(quoting *United States v. Ventresca*, 380 U.S. 102, 106 (1965)).

Defendants first contend that the affidavit is insufficient to establish probable cause because it is unclear how many confidential informants are involved and whether they are reliable. Although it is initially ambiguous in paragraphs 3A, 3B, and 3C of the affidavit whether the same confidential informant conducted both controlled buys and reported that a large amount of marijuana was being stored on the premises, paragraph 3K makes clear that a single informant supplied all the information relied on by the affiant. Paragraph 3K refers to "the confidential informant referred to in the above paragraphs." Moreover, the affiant alleged that the confidential informant provided reliable information to officers in the past, *United States v. Pinson*, 321 F.3d 558, 562–63 (6th Cir. 2003) (noting that magistrate is entitled to rely on affiant's assertion that informant is credible if sufficient information about the informant is included in the affidavit), and the affiant emphasized that the officers verified the information provided by the confidential informant through surveillance. *See United States v. Coffee*, 434 F.3d 887, 895 (6th Cir. 2006) (noting that officer need not vouch for informant's credibility if police corroborate information); *United States v. Jackson*, 470 F.3d 299, 307–08 (6th Cir. 2006) (same). Notably, the officers also recovered a large amount of marijuana exactly where the confidential informant said it would be, which is further confirmation of the informant's reliability. *United States v. Johnson*, 351 F.3d 254, 259 (6th Cir. 2003) ("The mere fact that contraband was discovered where [the confidential informant] claimed it was going to be discovered is sufficient indicia of his reliability.").

Defendants next contend that the affidavit is insufficient because it relies, in part, on prior criminal convictions that occurred as many as thirty-five years ago. The most recent conviction listed in the warrant occurred in 1992—almost twenty years ago. Indeed, the length of time that

passed between the listed convictions and the present conduct decreases the evidentiary value of the convictions. Still, the remoteness in time of the earlier convictions is not fatal to a search warrant affidavit that contains a substantial amount of other compelling evidence. *See generally*, *United States v. Canan*, 48 F.3d 954 (6th Cir. 1995) (discussing the so-called staleness test). If the prior convictions had not been included at all, there was still ample evidence to conclude there was a "fair probability" that marijuana would be found on the premises.

Defendants final challenge arises from the search of the Ford Expedition that was parked within the curtilage of the premises, but not specifically named in the warrant. As the government emphasizes it its response, the Sixth Circuit concluded in an unpublished 1995 decision that "a search warrant authorizing a search of particularly described premises may permit the search of vehicles owned or controlled by the owner of, and found on, the premises." *United States v. Hudson*, 52 F.3d 326 (6th Cir. Apr. 20, 1995) (table) (quoting *United States v. Percival*, 756 F.2d 600, 612 (7th Cir. 1985)); *see also United States v. Gottschalk*, 912 F.2d 1459, 1461 (10th Cir. 1990) (collecting cases). Defendants have not identified any alternative authority that would suggest a different conclusion in this case. Moreover, the informant told Officer Gilbert that Griesbeck was receiving shipments of marijuana from Texas, which provided an evidentiary basis to believe that marijuana would be found in the vehicle.

Notably, the Ford Expedition itself was seized by the police officers as a "thing[] of value traceable to illegal controlled substance transactions." Accordingly, the search of the Expedition would have been permissible even without a warrant as a "pre-forfeiture inventory search." *United States v. Smith*, 510 F.3d 641, 651 (6th Cir. 2007).

**III**

Defendant Feger filed a motion for a "bill of particulars" on August 13, 2010. Fed. R. Crim. P. 7(f). Feger contends that he is entitled to a bill of particulars because he is unable to defend against the conspiracy charge without more information about how the government believes he participated in the conspiracy. Feger is seeking the information about the circumstances under which the crime allegedly occurred, the names and addresses of the government's witnesses, and the "precise nature, character and circumstances of any words uttered or acts engaged in" by Feger.

Rule 7(f) provides:

> The court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits. The government may amend a bill of particulars subject to such conditions as justice requires.

Fed. R. Crim. P. 7(f). The Sixth Circuit Court of Appeals has explained that:

> The purposes of a bill of particulars are to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at the time of trial, and to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment itself is too vague, and indefinite for such purposes.

*United States v. Birmley*, 529 F.2d 103, 108 (6th Cir. 1976).

A bill of particulars is the proper remedy where an indictment properly charges each of the essential elements of the offense, but does not inform the accused with sufficient particularity as to what he will have to defend against at trial. *United States v. Branan*, 457 F.2d 1062, 1065 (6th Cir. 1972). Nonetheless, a bill of particulars "is not meant as a tool for the defense to obtain detailed disclosure of all evidence held by the government before trial." *United States v. Salisbury*, 983 F.2d 1369, 1375 (6th Cir. 1993) (citations omitted). In particular, "a defendant is not entitled to discover

all the overt acts that might be proven at trial." *Salisbury*, 983 F.2d at 1375. Nor is a defendant entitled to a list of names and addresses of the government's witnesses. *United States v. Perkins*, 994 F.2d 1184, 1190 (6th Cir. 1993). Importantly, "a bill or particulars is not intended as a means of learning the government's evidence and theories." *United States v. Musick*, 291 F. App'x 706, 724 (6th Cir. 2008).

As an initial matter, Feger was required to file a motion for a bill or particulars, if at all, within fourteen days of his arraignment. Feger was arraigned on March 25, 2010, but did not file the motion for a bill of particulars until August 13, 2010, nearly five months after it was due. Fed. R. Crim. P. 7(f). Defendant Feger has not explained the cause of the delay, or sought leave of the Court to file the motion late. Accordingly, the motion for a bill of particulars could be denied based on its timeliness alone.

Moreover, the government is not required to produce the information Feger is seeking, making a bill of particulars unnecessary in this case. The government need not prove an overt act at all to establish a conspiracy under § 846, *United States v. Superior Growers Supply, Inc.*, 982 F.2d 173, 177 (6th Cir. 1992), the government is not required to supply criminal defendants with a witness list, *Perkins*, 994 F.2d at 1190, and the government has already provided Defendant Feger with discovery materials, including the transcript of a witness's testimony. [Dkt. # 41-1]. In this case, "the indictment set out the names of all indicted co-conspirators, the relevant dates of the conspiracies, the means and methods of the conspiracies, and, where required, the overt acts in furtherance of the conspiracies. As such, it was sufficient." *Musick*, 291 F. App'x at 725. Feger's motion for a bill of particulars will be denied.

**IV**

Defendant Feger has also filed a "motion for pretrial disclosure and hearing as to the admissibility of co-conspirator statements pursuant to Rule 801(d)(2)(E)." The government's response notes that there are no such statements. Accordingly, the motion will be denied.

**V**

Accordingly, it is **ORDERED** that Defendants' motion to suppress [Dkt. # 34] is **DENIED**.

It is further **ORDERED** that Defendant Moreno's motion to join in his co-defendants' motions [Dkt. # 35] is **GRANTED**.

It is further **ORDERED** that Defendants' motion for a bill or particulars [Dkt. # 36] is **DENIED**.

It is further **ORDERED** that Defendants' motion for disclosure and hearing as to the admissibility of co-conspirator statements [Dkt. # 37] is **DENIED**.

It is further **ORDERED** that the hearing scheduled for Wednesday February 9, 2011 at 2:00 p.m. is **CANCELED**, except with regard to the government's motion to revoke the order of release as to Defendant Campos [Dkt. # 49]. The parties' papers provided the necessary information to resolve the other motions [Dkt. # 34, 35, 36, 37] and the hearing will be unnecessary. E.D. Mich. L.R. 7.1(f)(2).

It is further **ORDERED** that counsel for all parties shall appear for a status conference on **Wednesday February 9, 2011 at 2:00 p.m.**

                                                     s/Thomas L. Ludington  
                                                   THOMAS L. LUDINGTON  
                                                   United States District Judge

Dated: February 8, 2011

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 8, 2011.

                                        s/Tracy A. Jacobs
                                        TRACY A. JACOBS